IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DARYL LA'KEITH HACKWORTH          *

     Plaintiff,          *

       v.          *          2:08-CV-84-MEF
                            (WO)

THE MARENGO CO. JAIL, *et al*.,          *

     Defendants.          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The complaint in this 42 U.S.C. § 1983 action alleges that Defendants are subjecting Plaintiff to unconstitutional conditions of confinement.  Plaintiff is currently incarcerated in the Marengo County Jail and the actions which form the basis of the instant complaint are occurring at this facility.   Marengo County, Alabama, is located within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

_____

[1]This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The named defendants reside in the Southern District of Alabama. All of the actions about which Plaintiff complains occurred at a facility located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **February 25, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of February, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

3